## CITY OF BUFFALO v. SCHLEIFER.

(Superior Court of Buffalo, General Term.   February 3, 1893.)

MUNICIPAL CORPORATIONS—ORDINANCES—PEDDLING VEGETABLES ON STREETS.
   Buffalo City Charter, tit. 2, § 17, subd. 6, authorizes the common council to
   license and regulate hawkers, peddlers, etc.   Subdivision 8 authorizes the
   regulation of the sale of meats and vegetables.   *Held*, that the charter au-
   thorized the enactment of an ordinance prohibiting the peddling of fruits,
   garden or farm products, in the public streets between the hours of 5 in the
   morning and 1 in the afternoon.

Appeal from municipal court.

Frederick Schleifer was convicted of peddling fruit and vegetables in the public streets of Buffalo in violation of an ordinance, and appeals. Affirmed.

Argued before TITUS, C. J., and HATCH and WHITE, JJ.

George A. Lewis, for appellant.

George M. Browne, for respondent.

TITUS, C. J.   This action was commenced in the municipal court by civil warrant against the appellant for a violation of section 4, c. 17, of the city ordinances.   By subdivision 6, § 17, tit. 2, of the charter, the common council is authorized to enact ordinances "to license and regulate cartmen, owners and drivers of all vehicles used for the transportation of passengers or property for hire, and to fix the rate of compensation to be taken by them; to license and regulate plumbers, auctioneers, butchers, hawkers, peddlers, and pawnbrokers.   *   *   *"
By subdivision 8 of the same section the common council may "regulate the sale of meats, fish, and vegetables."   Under one or both of these provisions the common council has enacted ordinances prohibiting and regulating various businesses relating to health, good order, and government of the city.   Among others, it is enacted that "no person or persons shall hawk or peddle fruits, garden or farm produce, in the public streets of the city of Buffalo between the hours of five o'clock in the morning and one o'clock in the afternoon of each day, under a penalty of ten dollars for each and every offense."   Section 4, c. 17, of the city ordinances.

The defendant has a peddler's license issued pursuant to the charter, authorizing him to sell green garden and farm produce throughout the city, subject to the laws and ordinances of said city, and to all existing regulations imposed by the common council.   On the 23d day of June, 1892, the defendant was peddling strawberries and other vegetables on Ellicott street, a public street in the city, between 10 and 11 o'clock in the morning, visiting from house to house, and selling to the inhabitants his fruits and vegetables.   These are the acts complained of, which are claimed to constitute a violation of the ordinances of the city, and for which he was brought before the municipal court to answer.

The power to license hawkers and peddlers existed at common law, and has been exercised from time immemorial in this state, either under the common law or by virtue of an act of the legislature.   This power

has been delegated by the legislature to the municipalities of the state, and within the limits of the various cities that power is now exercised by the city authorities. It is not claimed that the defendant is not a "peddler," within the meaning of the ordinance, nor that the city has not power to regulate and license peddlers; but it is insisted that the ordinance is not a regulation, but an unlawful restriction upon the right of the defendant to use the public streets of the city to peddle and sell farm produce, and that it is a prohibition, in that it forbids the sale of farm produce by peddling on the streets by any person within the hours of 5 o'clock in the morning and 1 o'clock in the afternoon. It may be assumed for the purpose of the question here presented that the common council would not have the right to prohibit the peddling of farm produce at any time, although the question is not before us, and we do not intend to pass upon it. The sole question presented for decision is, is the regulation a reasonable one, or does it prohibit the carrying on of a lawful business? It needs no citation of authority to hold that, where the common council is empowered to regulate traffic, the regulation, to be upheld, must be reasonable, in view of the evil sought to be remedied. Dunham v. Trustees, 5 Cow. 462; Dill. Mun. Corp. § 357.

We cannot agree with the counsel for the defendant that the ordinance is prohibitory, or in restraint of trade, and void. It is clearly within the power conferred upon the common council by the charter, and such provisions have been held not to be in restraint of trade. City of Brooklyn v. Cleves, Hill & D. 231; Brooklyn v. Breslin, 57 N. Y. 591. In Village of Buffalo v. Webster, 10 Wend. 100, it was held that an ordinance which enacted that it should not be lawful for any person within the limits of a corporation, during certain months, to hawk about or sell by retail any kind of fish, beef, pork, lamb, or mutton, except at the public markets, or within certain limits around the same, was a valid ordinance; that a by-law for the regulation of trade, and imposing particular restraints as to time and place, was good, and not in restraint of trade, but a regulation of that right. We think the ordinance is within the power conferred upon the common council by the legislature, and fairly deducible from the language used, to license and regulate peddlers. It does not seem, in view of the circumstances of this case, that it is unreasonable, or open to the criticism of the learned counsel in his brief. It does not follow that, because the council may fix a time within which certain things are not to be done, it may prohibit them altogether. The city has established, at large expense, markets where the people may conveniently be provided with everything necessary for family use, and where hucksters and peddlers may vend their wares. It has established a system of food and meat inspection, and prescribed ordinances against the sale of unhealthy or diseased meats and vegetables, for the health, comfort, and convenience of the citizen. Its officers and employes are there to see that only fresh vegetables and healthy meats are sold, and it would seem not unreasonable that during market hours persons should be permitted to sell only at such places as the city has or may designate. It is a safe and reasonable police regulation, intended to promote the health and well-being of all. The street is a pub-

lic highway, intended for and devoted to the transport of goods and passengers from place to place, and not a public mart where goods may be exposed for sale, without regulation or restriction by the public authorities; and when they have, in the language of one of the cases above cited, only imposed a restraint as to time and place in which hucksters and peddlers may ply their vocation, it does seem to us to be neither unreasonable, nor in restraint of trade, nor in violation of any right or privilege which the citizen has in the public highway.

The judgment should therefore be affirmed, with costs.   All concur.